UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CR-164 CEJ |
| ) | |
| JAMES K. BAY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Thomas C. Mummert, III, for determination and recommended disposition, where appropriate. On May 20, 2010, Judge Mummert issued a Memorandum and an Order and Report and Recommendation with respect to the motions filed by defendant James K. Bay. On June 10, 2010, the defendant filed objections to the magistrate judge's recommendation that his motions to suppress evidence and statements be denied.

The defendant does not object to the magistrate judge's findings of fact.[1] He does, however, object to the application of the law to the facts. Pursuant to

---

[1] In his objections, Bay submits two additional factual findings that he contends should have been made. While these additional findings may be supported by the evidence, they are not material to the Court's evaluation of the analysis and conclusions reached by the magistrate judge.

28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections are made. Having done so, the Court concludes that the factual findings made by Judge Mummert are supported by the evidence and that his legal conclusions are correct.

## I. Fourth Amendment Issues

Initially, Bay argues that he was arrested without probable cause, in violation of the Fourth Amendment. Based on the undisputed facts, the Court finds that the initial encounter between Bay and the law enforcement officers did not rise to the level of an arrest. Here, a deputy sheriff detected a strong odor of ether emanating from Bay's property. Because of his experience, the deputy knew that ether is used in the manufacture of methamphetamine. Bay was standing on the porch outside his mobile home when the deputy drove onto the property to investigate the odor. Immediately upon seeing the deputy, Bay "turned around and began to enter his residence." Memorandum, p.2 (Doc. #54). It was then that the deputy "ordered Defendant to stop and not to enter his home." Id. There is no evidence that the deputy drew his weapon or that he had any physical contact with Bay at that point. In fact, the deputy was some distance away from Bay when he ordered him to stay outside. The deputy proceeded to ask Bay about the odor, and the defendant responded.

Given these circumstances (*i.e.*, the strong odor of a chemical used in manufacturing methamphetamine and Bay's attempt to avoid the approaching deputy), there was a reasonable basis for belief that Bay may have been involved

in some criminal activity. See Terry v. Ohio, 392 U.S. 1, 30 (1968). By simply ordering Bay to remain outside, the deputy employed a minimally intrusive means of detaining him. The deputy then conducted a limited inquiry into the source of the ether odor. No probable cause was required for the deputy's actions, and no Fourth Amendment violation occurred.

The cases Bay cites in support of his assertion that the initial encounter with the deputy was not a valid Terry stop are inapposite. Defendant's Objections, pp. 5-6 (Doc. #59). In each of those cases the detention occurred inside the defendant's residence. Here, there is no evidence that Bay was inside his residence when the deputy detained him.

Bay next argues that the magistrate judge erred in concluding that he voluntarily consented to the search of his property. It is undisputed that Bay orally consented to the deputy's request to look at a camper on the property. As discussed above, Bay was not under arrest at that time. Bay also was not under arrest when he later consented to the police officers entering his mobile home. After Bay was arrested, he gave written consent to the search of his car, home and all buildings on his property. There is no evidence of any threats or coercion employed by the police to procure Bay's consent, either before or after he was arrested. See United States v. Esquivias, 416 F.3d 696, 700 (8th Cir. 2005) (addressing factors that may be considered in determining voluntariness of consent). The facts support the conclusion that Bay's consent was voluntary.

It is undisputed that items consistent with the manufacture of methamphetamine were visible to the officers by looking through the camper's window and through the open door of an attached shed. Also, methamphetamine and related items were in plain view on a table inside the mobile home. The police are not required to obtain a warrant before seizing an item whose incriminating character is apparent when the officers are lawfully in the place where the item is observed. United States v. Varner, 481 F.3d 569, 572 (8th Cir. 2007); United States v. Weinbender, 109 F.3d 1327, 1330 (8th Cir. 1997). No Fourth Amendment violation occurred by the seizure of items on Bay's property.

After discovering methamphetamine and items used for its production, the police had probable cause to arrest Bay. See United States v. Watson, 423 U.S. 411, 417 (1976). No warrant was required.

## II. Fifth Amendment Issues

After he was taken into custody, Bay was advised of his rights to remain silent and to counsel, as required by Miranda v. Arizona, 384 U.S. 436 (1966). Bay stated that he understood his rights, and agreed to talk to the officers. No threats or promises were made to induce him to talk to the police, and Bay's demeanor was relaxed and coherent. The evidences establishes that Bay's statements were made voluntarily and intelligently, and no Fifth Amendment violation occurred.

III. <u>CONCLUSION</u>

For the reasons discussed above, the Court concludes that there is no factual or legal basis for suppressing the defendant's statements or the evidence seized during the search of his property.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III, is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant James K. Bay to suppress evidence [Doc. #36] and to suppress statements [Doc. #38] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2010.